Tommie W. TAYLOR et al., Plaintiffs,

v.

TELETYPE CORPORATION, Defendant.

No. LR–C–77–65.

United States District Court,
E. D. Arkansas, W. D.

Nov. 2, 1979.

John T. Lavey, Perlesta A. Hollingsworth, Little Rock, Ark., for intervenors.

G. Ross Smith, James W. Moore, Little Rock, Ark., for defendant.

## ORDER

ARNOLD, District Judge.

The parties have submitted briefs on the questions raised by the Court's Opinion of August 29, 1979, and those issues will be considered in turn.

## I. INJUNCTIVE RELIEF

■ Is injunctive relief appropriate in view of the finding that the defendant has not discriminated on grounds of race with regard to demotions since December 31, 1976? The plaintiffs persuasively argue that such relief is necessary because of the history of discrimination at Teletype and the findings of discrimination in this case. 42 U.S.C. § 2000e–5(g) authorizes injunctive relief upon a finding that the employer "*has intentionally engaged in* or is intentionally engaging in . . . ." an unlawful employment practice (emphasis added); this language contemplates an injunction in this case in the exercise of the Court's discretion. The Court is of the opinion that the issuance of a permanent injunction is necessary fully to effectuate the purposes of Title VII, and it is therefore ordered that Teletype Corporation be, and it is hereby, permanently enjoined from discriminating against any individual with respect to his or her compensation, terms, conditions, privileges of employment, or in any other manner, because of such individual's race. The final judgment in this case will contain such an injunction.

On the other hand, the Court is not convinced that the defendant should be ordered to institute more objective criteria for the exercise of its discretion in making demotions. There is no indication that such criteria are now necessary. The proof at trial failed to substantiate that lack of objectivity has had an adverse impact upon blacks since December 31, 1976. The Court is mindful, moreover, that the union contract gives the defendant a certain amount of discretion, and the Court is unwilling on this record to intrude upon the collective-bargaining process. Such intrusions are often warranted to correct discrimination, but not in this case. The injunction which the Court has issued should be sufficient to assure that the defendant exercises its discretion in a manner which does not discriminate.

## II. INDIVIDUAL RELIEF

■■ *Tommie Taylor.* Should Mrs. Taylor be reinstated and, if so, to what position? Does she come into court with clean hands, in view of the Court's finding adverse to her on a key question of credibility? The Court found that Mrs. Taylor's

second demotion and subsequent layoff were illegal. Because of these findings, she is presumptively entitled to reinstatement and back pay. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), the Supreme Court directed that back pay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination and making persons whole. The same considerations should govern the reinstatement determination. Although the Court is troubled by the adverse credibility determination, the fact remains that Mrs. Taylor was demoted and laid off because she is black, and denying reinstatement or back pay will not make her whole. In addition, the question of credibility relates to plaintiff's first demotion, with respect to which she did not prevail. The Court finds that she should be reinstated by Teletype. When a wrong has been established, doubts as to the remedy should be resolved against the wrongdoer.

■ It is argued on Mrs. Taylor's behalf that she should be reinstated to the position of ANSE I civic relations assistant. The Court held that she was discriminatorily downgraded from the 910 position and then laid off. The defendant argues that she should not be reinstated to any position higher than 910. The Court agrees. The defendant further argues that reinstatement will cause discord and antagonism between Mrs. Taylor and her supervisors and among the employees with whom she would work. Clearly, any discord arising purely from the fact that Mrs. Taylor successfully challenged the demotion and layoff is irrelevant to a reinstatement determination; nevertheless, the record supports the belief that animosity does exist and may work an unnecessary and harmful strain on the work environment if Mrs. Taylor is reinstated to a grade 910 public relations representative position. It is therefore ordered that Mrs. Taylor be reinstated on the following terms: Reinstatement should be to the position of 910 public relations representative or a comparable position. Whether another position is comparable should be judged according to pay, responsibility, the opportunity for creativity and independent judgment, advancement, and similar factors. If Mrs. Taylor is offered a position which she does not believe is comparable, she may ask the Court for further relief.

■ Other employees need not be displaced. Mrs. Taylor should be offered reinstatement in the first available opening in a 910 or a comparable position of the defendant's choice. Back-pay liability will run, however, until she is actually reinstated or refuses the offer. Mrs. Taylor should submit to the Court a claim for back pay in affidavit form, computed to the date of this opinion; the defendant may submit counteraffidavits. Mrs. Taylor is entitled to the amount she would have earned in the 910 position from the date of demotion. Computing back pay as if she would have been promoted to a higher-paying job is too speculative. Interim earnings, including unemployment compensation, and any pay she should have earned through reasonable diligence, must be deducted from the back pay award. *Equal Employment Opportunity Commission v. Enterprise Ass'n Steamfitters Local No. 638*, 542 F.2d 579, 591–92 (2d Cir. 1976). She should be made whole with regard to other benefits, pension, insurance, seniority, and so forth.

■ *Larry C. Peyton.* The Court found that Mr. Peyton was discriminatorily demoted from the position of engineering associate on July 28, 1975. He should be reinstated to that position. The defendant argues that reinstatement should be denied and back pay tolled because in February, 1977, Mr. Peyton was offered the position but refused. Proof at trial was that he refused because he felt it would be too insecure, a belief created in part by his discriminatory demotion. The Court is unwilling to say that Mr. Peyton's feeling of insecurity was unreasonable. He would be an engineering associate today were it not for the violation of law, and it is not clear that the effect of that violation had sufficiently dissipated by February, 1977, to re-

quire Mr. Peyton to accept the position at that time. It is argued on Mr. Peyton's behalf that back pay should be adjusted upward because the demotion kept him from being considered for promotion to higher-paying positions, but this position is too speculative. Mr. Peyton should be offered reinstatement in the first available opening in an engineering associate position, and back-pay liability will run until he is actually reinstated or refuses the offer. The defendant's suggestion that the computation should be made by comparing Mr. Peyton's interim earnings with those of the most comparable engineering associate in terms of longevity and rating is a good one. The defendant should make the initial submission of this calculation to the date of this order, and Mr. Peyton will have the opportunity to rebut and submit his own calculation.

*James H. Bibbs and Joseph Harris.* Both of these employees should be reinstated to the positions from which they were discriminatorily demoted—Bibbs to 94 stock keeper, and Harris to grade 95—and back-pay liability will run until they bid on vacancies and are awarded jobs under the criteria of the union contract. (Mr. Bibbs may have already been upgraded to 94.) Again, it is not necessary that other employees be displaced. The defendant should submit the initial back-pay calculations to the date of this order, and Messrs. Bibbs and Harris may submit their own calculations thereafter.

## III. OTHER RELIEF

■ The plaintiffs argue that back pay computed on a class-wide basis is appropriate, but the Court cannot agree. Computation of back pay on an individual basis will not be unusually difficult. Each demotion turns on its facts, and the defendant is entitled to litigate each individual claim on its own merits. Back pay will be awarded or denied on an individual basis to class members who make claims.

■ The plaintiffs further request an award of interim attorneys' fees, having prevailed on certain issues in this litigation. It is clear that the attorneys for plaintiffs and intervenors are entitled to an award of attorneys' fees, and there is some precedent for interim awards. The Court is not convinced that an interim award should be granted in this case, however, and it will be denied. The attorneys should submit fee claims prior to judgment, and the fee award will be included in the judgment which is entered finally disposing of this litigation.

## IV. FURTHER PROCEEDINGS

The parties have submitted forms of notice to class members for the Court's consideration, which have been helpful. The notice which is attached to this Order has been drafted by the Court. It will be sent, certified mail, to all black persons demoted from February 28, 1974, to December 31, 1976. The defendant argues that it would be sufficient to hand deliver notice to those still employed at Teletype, but the Court does not agree.

The parties disagree on the number of blacks who were demoted. The defendant should submit a list of names and last known addresses to the Court and the plaintiffs, and the plaintiffs will be given the opportunity to submit other names and addresses, and address corrections. As a practical matter, the Court intends that notice be sent to all persons whose names are submitted in good faith by either party so that no one who arguably has a right to make a claim will be left out. If the parties can reach agreement on all who should receive individual notice, then publication will not be necessary. The notices will be sent by the defendant, and the defendant will bear the cost.

The notices will be mailed by December 3, 1979, so that there will be a time period of roughly 60 days for the filing of claims. A few days before that date, the Court will specify the persons to whom notices should be sent. The Clerk will be directed to serve counsel with copies of all claims filed. As the notice indicates, the Court intends for the attorneys for plaintiffs and intervenors to assist any claimant who asks them for help in filing a claim. The Court will enter

further orders as necessary and is open to suggestions from the parties at any time concerning the manner in which further proceedings should be conducted.

The initial submissions in compliance with this Order should be made by the responsible party by November 15, 1979, and the opposition will have until November 29 to respond.

## NOTICE

TO ALL BLACK CURRENT AND FORMER EMPLOYEES OF TELETYPE CORPORATION (LITTLE ROCK) WHO WERE DEMOTED BY TELETYPE AT ANY TIME DURING THE PERIOD FEBRUARY 28, 1974, THROUGH DECEMBER 31, 1976.

In 1977, a lawsuit was filed against Teletype Corporation by Tommie Taylor and Larry C. Peyton. The suit is known as *Taylor v. Teletype Corporation*, 475 F.Supp. 958 (D.C.). The suit claimed that Teletype had discriminated against black employees because of race. Other black employees were allowed to intervene in the suit. The Court entered an order allowing those who filed suit to represent other black employees of Teletype who were demoted during the period February 28, 1974, through December 31, 1976.

If you claim that you were demoted by Teletype during this period of time because you are black, you may make such a claim, and the Court will consider it. You should file your claim in writing. You should state all facts of which you are aware which support your claim. You should make your claim in affidavit form and have it notarized. You should mail your claim, or carry it in person, to Mr. W. H. McClellan, Clerk, United States District Court, 4th Floor, United States Post Office and Courthouse Building, 600 W. Capitol, Little Rock, Arkansas, 72203. Your claim must be filed by February 4, 1980, or it will not be considered. If you have questions, or need assistance in filing your claim, you may ask John T. Lavey or Les Hollingsworth, attorneys for the persons who filed this suit.

Their addresses and phone numbers appear below.

After March 3, 1980, the Court will consider all of the claims that have been filed. The Court may decide to hold a hearing and take testimony on some or all of the claims. Teletype will be given the opportunity to rebut each claim. Each claimant will receive notice from the Court when his or her claim is granted or denied.

Again, if you intend to file a claim, you must do so by February 4, 1980. Only claims of discriminatory demotion will be considered.

By the Court:

W. H. McCLELLAN,
DISTRICT CLERK

By: _____
    Deputy Clerk